```
FILED
AUG 0 1 2012
NANCY S. REINBOLD
STARK COUNTY, OHIO
CLERK OF COURTS
```

IN THE COMMON PLEAS COURT OF STARK COUNTY, OHIO

| | |
|---|---|
| SUE J. SMITH<br>2222 Melrose Drive, Apt.129<br>Wooster, OH 44691<br><br>and<br><br>DONALD SMITH<br>2222 Melrose Drive, Apt.129<br>Wooster, OH 44691<br><br>  Plaintiffs<br><br>vs.<br><br>THE SCOOTER STORE<br>P.O. Box 310709<br>New Braunfels, TX 78131<br><br>vs.<br><br>PRIDE MOBILITY PRODUCTS<br>CORPORATION<br>182 Susquehanna Avenue<br>Exeter, PA 18643<br><br>  Defendants<br><br>and<br><br>OHIO DEPARTMENT OF JOB<br>AND FAMILY SERVICES<br>Ohio Tort Recovery Unit<br>350 Worthington Road, Suite G<br>Westerville, OH 43082<br><br>  Third-Party Defendants | CASE NO. 2012CV02411<br><br>Forchione<br><br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |


EXHIBIT A

## PARTIES

1. Plaintiff, SUE J. SMITH, is an adult person who resides at 2222 Melrose Drive, Apt.129, Wooster, Wayne County, Ohio, and has at all times pertinent hereto.

2. Defendant, THE SCOOTER STORE, is a corporation existing under the laws of the State of Nevada, with its principle place of business located at 1650 Independence Drive, New Braunfels, Texas 78132.

3. Defendant, THE SCOOTER STORE, is in the retail business of selling mobility products, including power chairs and scooters, and has at all times pertinent hereto sold its products in the State of Ohio.

4. Defendant, PRIDE MOBILITY PRODUCTS CORPORATION (hereinafter "PRIDE") is a corporation existing under the state of Pennsylvania, with it's corporate headquarters located at 182 Susquehanna Avenue, Exeter, PA 18643.

5. Defendant, PRIDE, is in the business of designing, developing and manufacturing mobility products, including power chairs, scooters and lift chairs.

6. On or before August 1st, 2010, Defendant, PRIDE, designed, developed and manufactured the "Jazzy" line of power chairs, including the PRIDE JAZZY 614 series power chairs.

## FIRST CAUSE OF ACTION

7. Plaintiffs hereby incorporate herein by reference all the allegations set forth in paragraphs one through six herein as if such allegations were fully rewritten herein.

8. In July, 2010, Plaintiff, SUE J. SMITH, purchased a Pride Jazzy 614 HD Power Chair, Serial No. J99026I0030M10, (hereinafter "Pride Jazzy") from Defendant, THE SCOOTER STORE.

2

9. Upon the Pride Jazzy being delivered to Plaintiff in late July, 2010, a representative from Defendant, THE SCOOTER STORE, set up her Pride Jazzy, including testing, operating instruction and a brief demo of the unit outside of Plaintiff's residence.

10. The representative from Defendant, THE SCOOTER STORE, on or about the date the Pride Jazzy was delivered to Plaintiff, reprogrammed the Dynamic controller for the unit, which is a modular electronic controller system that allowed Plaintiff to have complete control of the movement and speed of her Pride Jazzy Chair.

11. The dynamic controller for the Pride Jazzy is operated by a joystick control for direction and speed of the chair. When the joystick is released, it returns to the neutral position and the electromagnetic braking system is engaged, allowing the chair to come to a complete stop.

12. On Monday, August 1, 2011, at approximately 2:00 p.m., the Plaintiff, SUE J. SMITH, was shopping at a K-Mart Store located at 2600 Lincoln Way East, Massillon, Stark County, Ohio, with the mobility assistance of her Pride Jazzy.

13. On said date and time, as Plaintiff was positioning herself to get into her vehicle, she released the joystick to the neutral position in order to stop, and the Pride Jazzy's automatic electromagnetic braking system failed to engage, causing the Plaintiff, SUE J. SMITH, to crash into the corner of her vehicle's door, resulting in injuries to her leg.

14. Plaintiff, SUE J. SMITH, was injured due to the Pride Jazzy's defective dynamic controller, which failed to engage the electromagnetic braking system when the joystick was released to the neutral position on August 1st, 2010.

15. Plaintiff, SUE J. SMITH, was injured due to Defendant, THE SCOOTER STORE's, negligence in programming or failing to adjust the programming of her Pride Jazzy's dynamic controller, which failed to engage the electromagnetic braking system when the joystick was released to the neutral position on August 1st, 2010.

16. As a direct and proximate result of the acts and omissions of the Defendant, THE SCOOTER STORE, the Plaintiff, SUE J. SMITH, suffered injuries as aforesaid and she became sick, sore, lame and disabled and has suffered great pain and agony and she verily believes that she will continue to suffer for a long time to come and that said injuries are permanent.

17. Plaintiff, SUE J. SMITH, says that as a direct and proximate result of the acts and omissions of the Defendant, THE SCOOTER STORE, she has incurred medical expenses and other related expenses and she does believe that she will incur medical and related expenses in the future.

## SECOND CAUSE OF ACTION

18. Plaintiffs hereby incorporate herein by reference all the allegations set forth in the First Cause of Action as if such allegations were fully rewritten herein.

19. Defendant, THE SCOOTER STORE, is a "supplier" pursuant to the provisions of Ohio Revised Code Section 2307.78

20. Defendant, THE SCOOTER STORE, was negligent in that it sold the aforementioned Pride Jazzy to Defendant, failed to adequately test said product prior to delivering it to Plaintiff, as well as during their demonstration and instruction to Plaintiff at her home, thereby failing to recognize that Plaintiff's Pride Jazzy Scooter had a faulty dynamic controller.

21. Defendant, THE SCOOTER STORE, made representations by words and acts to Plaintiff, SUE J. SMITH, that the dynamic controller of her Pride Jazzy, when released to the neutral position, would engage the automatic electromagnetic braking system, when Defendant, THE SCOOTER STORE, knew or should have known that Plantiff's Pride Jazzy's dynamic controller was defective and would not perform as represented.

22. Defendant, THE SCOOTER STORE, made representations by words and acts to Plaintiff, SUE J. SMITH, that the dynamic controller of her Pride Jazzy, when released to the neutral

4

position, would engage the automatic electromagnetic braking system, when Defendant, THE SCOOTER STORE, knew or should have known that Plantiff's Pride Jazzy's dynamic controller was programmed inadequately and would not perform as represented.

23. As a direct and proximate result of the acts and omissions of the Defendant, THE SCOOTER STORE, the Plaintiff, SUE J. SMITH, suffered the injuries, harm and loss for which plaintiff seeks to recover compensatory damages as set forth above.

## THIRD CAUSE OF ACTION

24. Plaintiffs hereby incorporate herein by reference all the allegations set forth in the First and Second Causes of Action as if such allegations were fully rewritten herein.

25. Defendant, PRIDE, is a manufacturer as defined in Ohio Revised Code Section 2307.71 which designed, produced, created, made, constructed and/or assembled the Jazzy 614 series power chair, including the power chair purchased by Plaintiff described herein.

26. The Pride Jazzy power chair was defective in manufacture, pursuant to the provisions of Ohio Revised Code Section 2307.74.

27. The Pride Jazzy power chair was defective in design, pursuant to the provisions of Ohio Revised Code Section 2307.75.

28. The Pride Jazzy power chair was defective due to inadequate warning or instruction, pursuant to the provisions of Ohio Revised Code Section 2307.76.

29. The Pride Jazzy power chair was defective because it did not conform, when it left the control of the defendant, to representations made by the defendant, pursuant to the provisions of Ohio Revised Code Section 2307.77.

30. The defective aspect of the power chair, specifically including, but not limited to its dynamic controller, and its inability to engage the electromagnetic braking system and thereby

stop the power chair when the operator desires the same to do so, in reasonably foreseeable circumstances, was a direct and proximate cause of the injuries, harm and loss for which plaintiff seeks to recover compensatory damages as set forth above.

31. Plaintiff would not have sustained any serious or disabling injury, had plaintiff's Pride Jazzy's electromagnetic braking system engaged properly when she released the joystick to the neutral position while approaching her vehicle on August 1st, 2010.

## FOURTH CAUSE OF ACTION

32. Plaintiffs hereby incorporate herein by reference all the allegations set forth in the First, Second and Third Causes of Action as if such allegations were fully rewritten herein.

33. Plaintiff, DONALD SMITH, says that all times pertinent hereto, he and the Plaintiff, SUE J. SMITH, have been and are married.

34. Plaintiff, DONALD SMITH, says that the Plaintiff, SUE J. SMITH, was, prior to and at the time of her said injuries, capable of performing duties as his wife and as his companion, but by reason of said injuries, she had become cross and irritable, was rendered homebound, and by reason thereof, he has been deprived of the companionship, services, and consortium of his wife.

## FIFTH CAUSE OF ACTION

35. Plaintiffs hereby incorporate herein by reference all the allegations set forth in the First, Second, Third, and Fourth Causes of Action as if such allegations were fully rewritten herein.

36. Third-Party Defendant, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, may claim subrogation rights with respect to the medical bills incurred by the Plaintiff, SUE J. SMITH, and as a result of such, may have subrogation rights herein.

WHEREFORE, the Plaintiffs, SUE J. SMITH and DONALD SMITH, demand judgment as follows:

A. With respect to the First, Second and Third Cause of Action, Plaintiff, SUE J. SMITH, demands judgment against the Defendants, THE SCOOTER STORE, and Pride Mobility Products Corporation, jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000);

B. With respect to the Fourth Cause of Action, Plaintiff, DONALD SMITH, demands judgment against the Defendants, THE SCOOTER STORE, and Pride Mobility Products Corporation, jointly and severally, in an amount in excess of Twenty-five Thousand Dollars ($25,000);

C. With respect to the Fifth Cause of Action, a judgment demanding Third-Party Defendant, OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, answer and set forth its claims of subrogation, if any, for any interests which they may have with respect to any claims of the Plaintiffs against the Defendants herein or forever be barred;

D. With respect to all claims, Plaintiffs demand their costs herein, and any further relief this Court deems just and proper.

David C. Knowlton #0059687
Attorney for Plaintiffs
**KENNEDY, CICCONETTI, KNOWLTON & BUYTENDYK, LPA**
558 North Market Street
Wooster, OH 44691
PH: 330/262-7555
FAX: 330/264-5739
EMAIL: dck@kckblaw.com

## DEMAND FOR JURY TRIAL

Plaintiffs hereby give notice that they demand the issues hereof be tried to a jury of eight (8).

_____
David C. Knowlton
Attorney for Plaintiffs

## INSTRUCTIONS

TO THE CLERK:

Please serve the Defendants by certified mail and return the same according to law.

_____
David C. Knowlton
Attorney for Plaintiffs

8